86 F.3d 1161
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re ADVANCE MORTGAGEE SERVICING CORPORATION, Debtor.
Richard A. MARSHACK, Chapter 7 Trustee for Advance Mortgagee
Servicing Corporation, Plaintiff-Appellee,
v.
Paul C. HUDSON, Trustee of the Paul C. Hudson P.A. Pension
Trust, Defendant-Appellant.
 No. 94-56570.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 10, 1996.
Decided May 20, 1996.
 
 1
 Before: SCHROEDER and LEAVY, Circuit Judges, and TRIMBLE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The Paul C. Hudson P.A. Pension Trust ("Hudson") exchanged land and cash for shares of common and preferred stock issued by Advance Mortgagee Servicing Corporation ("Debtor"). Shortly before filing its petition in bankruptcy, Debtor "reversed" these transactions by redeeming Hudson's shares of preferred stock and returning the land to Hudson. Hudson appeals from the district court's modified affirmance of the bankruptcy court's partial summary judgment in favor of the Chapter 7 Trustee ("Trustee").
 
 
 4
 * Hudson first contends that summary judgment was improper because genuine issues of material fact exist concerning whether the land was actually transferred to Hudson and whether Debtor was ever insolvent. From our independent review of the record, we conclude that the bankruptcy court's findings surrounding the deed transfer(s) and Debtor's insolvency adequately support its grant of summary judgment on these issues. See Fukutomi v. United States Trustee (In re Bibo, Inc.), 76 F.3d 256, 258 (9th Cir.1996).
 
 II
 
 5
 Hudson next challenges the modified award to Trustee of both the land and its reduced cash value. By awarding Trustee both the full value of the land and the land itself, the bankruptcy court provided Trustee with a windfall double recovery. See 11 U.S.C. § 550(a). The district court corrected this error by reducing the damages by the amount Hudson claimed was the land's actual value.
 
 III
 
 6
 The gist of Hudson's final contention is that, as a qualified ERISA pension trust, it is exempt from the reach of the Bankruptcy Code's collection provisions. Aside from the fact that there is no proof in the record that Hudson is a qualified ERISA pension trust, the protection of which Hudson speaks applies only against creditors of plan participants (i.e., employers and employees) and their beneficiaries. See 26 U.S.C. § 401(a)(13); 11 U.S.C. § 541(c)(2); Barkley v. Conner (In re Conner), 73 F.3d 258, 259-60 (9th Cir.1996). Debtor is none of those.
 
 
 7
 Because we find no merit to Hudson's remaining arguments, the decision appealed from is
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable James T. Trimble, Jr., United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3